Filed 8/23/22  In re W.R. CA2/5
Posting correct version

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re W.R., a Person Coming Under the Juvenile Court Law. | B317699 (Los Angeles County Super. Ct. No. 19LJJP00542C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.W., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Stephanie M. Davis, Judge Pro Tempore. Conditionally reversed and remanded with instructions.

Pamela Deavours, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Sally Son, Deputy County Counsel, for Plaintiff and Respondent.

—————————————

J.W. (mother) appeals from the juvenile court's order terminating her parental rights to W.R. (the child) pursuant to Welfare and Institutions Code section 366.26.[1] Her sole argument on appeal is that the order should be conditionally reversed and remanded for compliance with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.). No interested party filed a respondent's brief; instead, counsel for mother and the Los Angeles County Department of Children and Family Services (the Department) filed a joint application and stipulation for conditional reversal and remand to the court for compliance with ICWA and the issuance of an immediate remand.

After reviewing the record, we agree with the parties that this case involves reversible error because the Department failed to comply with the inquiry requirements of ICWA and related California provisions, and the juvenile court failed to ensure the Department's compliance. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) The record reflects that the Department had contacts with the maternal

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

grandparents; had been informed that mother had two brothers; and had obtained an address for the paternal grandparents. But, beyond the Department's initial inquiries of mother and father, there is no information in the record to suggest that it made any effort to interview available extended family members about the parents' Indian ancestry, or that the court sought to ensure that such inquiries had been made.

We also conclude based on our record review that the requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal are satisfied here. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's order terminating mother's parental rights to the child under section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview available maternal and paternal family members about the possibility of the parents' Indian ancestry and to report on the results of its investigation. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating mother's parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.